UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARYL EASLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-520 |
| | § | |
| K. MOTT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Daryl Easley filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. The defendants have now moved to dismiss the complaint. For the reasons stated below, the defendants' motions are granted, and plaintiff's complaint is dismissed with prejudice.

**I.    Background**

At all times relevant to this lawsuit, plaintiff was an inmate in the Texas Department of Criminal Justice ("TDCJ"). Defendant Ernestine Julye is Medical Director. Defendant Khari Mott is identified in the complaint as the Business Manager of the TDCJ's Estelle Unit.

Easley alleges that Dr. Julye incorrectly diagnosed him with prostate cancer, leading to the unnecessary removal of his prostate. He alleges that defendant Mott "answered my Step 1 Grievance." Complaint at 3. The defendants each filed a motion to dismiss the complaint. Easley did not respond to either motion.

**II.    Analysis**

**A.    Standard of Review**

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.

*Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B. Eleventh Amendment Immunity

The defendants argue that Easley's claims for money damages against them in their official capacities are barred by the Eleventh Amendment. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Easley's official capacity claims for money damages must be dismissed.

### C. Deliberate Indifference

Easley, in essence, alleges that Dr. Julye committed malpractice. For inadequate medical care rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . .
> [T]he plaintiff must show that the officials "refused to treat him,

ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Easley's only allegation against Dr. Julye is that she incorrectly diagnosed him. He does not contend that she refused to treat him or deliberately treated him incorrectly. At most, Easley alleges that Dr. Julye was negligent. Negligence does not constitute deliberate indifference, and does not violate the Eighth Amendment. *Gamble*, 429 U.S. at 104-06. Therefore, Easley fails to state a claim against Dr. Julye.

### D. Defendant Mott

Easley's only allegation against defendant Mott is that Mott answered Easley's Step 1 Grievance. This fails to allege any wrongdoing by Mott, and therefore fails to state a claim against him.

### E. Conclusion

For the foregoing reasons, defendants' motions to dismiss are granted.

## III. Order

It is ORDERED that:

1. Defendants' motions to dismiss (Dkt. Nos. 12 and 13) are GRANTED; and

2. The Complaint (Docket Entry No. 1) is DISMISSED.

It is so ORDERED.

SIGNED on this 6th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge